IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LAVERNE ADAIR**                                                                               **PLAINTIFF**

v.                                     No. 4:11-cv-541-DPM

eSTEM PUBLIC CHARTER SCHOOLS;
CINDY BARTON, Principal, eStem Public
Charter Schools; JOHN BACON, C.E.O.,
eStem Public Charter Schools; SPECIAL
EDUCATION CONSORTIUM; DONNA
BROYLES, Special Education Director                                    **DEFENDANTS**

ORDER

LaVerne Adair, acting *pro se*, brings employment-discrimination claims against her former employer, eStem Public Charter School, and several others. The Defendants move to dismiss, *Document No. 13*, arguing that Adair has failed to state claims on which relief can be granted. FED. R. CIV. P. 12(b)(6). Adair did not respond to the Defendants' motion in the allotted time, but the Court twice gave her more time to respond. Adair eventually responded and also moved to amend her complaint, *Document Nos. 25 & 27*.

The Court has evaluated Adair's proposed amended complaint in light of the Defendants' motion to dismiss. In order to survive the motion, Adair's

new pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). This does not require detailed factual allegations. *Ibid.* But Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A *pro se* plaintiff has additional latitude; the Court must and does liberally construe Adair's pleading. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994).

1. **Exhaustion.** Defendants first argue that the Court should dismiss several of Adair's claims because she failed to exhaust her administrative remedies with the E.E.O.C. Adair's amended complaint fixes this problem: She abandons her Title VII discrimination claims based on color and religion, her Americans with Disabilities Act claim, and her Genetic Information Nondiscrimination Act claim. The Court therefore dismisses all these claims without prejudice.

2. **The Title VII & ADEA Claims.** Defendants argue second that Adair's Title VII claims for race and gender discrimination against Defendants

Cindy Barton, John Bacon, and Donna Broyles should be dismissed to the extent they are being sued in their individual capacities. The Court agrees. "[S]upervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). The Court therefore dismisses Adair's Title VII claims against any Defendant in his or her individual capacity.

Defendants next contend that Adair's Title VII and ADEA claims (hostile-work-environment, constructive-discharge, and otherwise) should be dismissed as a matter of substance. They argue several ways in which Adair failed to plead facts establishing various elements of the claims. The Court has no quarrel with the Defendants' recitation of the elements and the law in general. But the Court holds, having liberally construed Adair's complaint, that her remaining Title VII claims for race and gender discrimination and her claim for age discrimination may go forward. Though Adair's complaint could have certainly been more detailed, it nevertheless "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quotation omitted). Defendants' motion to dismiss these claims is therefore denied.

**3. The § 1983 & § 1985 Claims.** The Defendants next take aim at Adair's claims under 42 U.S.C. §§ 1983 & 1985. The Supreme Court has long held that "§ 1985(3) may not be invoked to redress violations of Title VII." *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979). The Court reasoned that "[u]nimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Ibid.* The Eighth Circuit, following *Novotny*, has extended this prohibition to § 1983 claims as well. *Foster v. Wyrick*, 823 F.2d 218, 221–22 (8th Cir. 1987). And applying similar reasoning, this Court recently held that a plaintiff "cannot pursue [her] ADEA claim through § 1983[.]" *Bradley v. Little Rock Wastewater Utility*, No. 4:10-cv-2019-DPM, 2012 WL 174382, at *1 (E.D. Ark. 20 Jan. 2012). The Eighth Circuit has not answered the question. But recent and persuasive authority on point comes from the Ninth Circuit. *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1056–57 (9th Cir. 2009) (collecting cases and noting that "every other circuit to consider the question" has held that "the ADEA is the exclusive remedy for age discrimination in employment claims[.]").

Adair's amended complaint alleges that she was discriminated against on the basis of her age, race, and gender—nothing more. The exclusive remedy for redressing these alleged wrongs is through Title VII and the ADEA. Adair's § 1983 and § 1985 claims—to the extent they are based on these alleged violations—are therefore dismissed without prejudice.

**4. The § 1986 Claim.** Defendants argue next that Adair's § 1986 claim cannot survive independently of her § 1985 claim and should also be dismissed. They are correct. "A cause of action under § 1986 is dependent on a valid claim under § 1985[.]" *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). Adair's § 1986 claim is likewise dismissed without prejudice.

\* \* \* \*

Adair's motion to amend her complaint, *Document No. 27*, is granted. Adair must file an amended complaint by 24 February 2012. The Defendants' motion to dismiss, *Document No. 13*, is granted in part and denied in part. The live claims are Adair's Title VII race-discrimination and gender-discrimination claims, her § 1981 race-discrimination claim, her age-discrimination claim, and her state law intentional-infliction-of-emotional-

distress claim. Adair should file a revised amended complaint that omits all the dismissed claims by February 24th.

So Ordered.

                                                _____
                                                D.P. Marshall Jr.
                                                United States District Judge

                                                14 February 2012